Klein v Wiley (2025 NY Slip Op 04715)

Klein v Wiley

2025 NY Slip Op 04715

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-12328
 (Index No. 6056/19)

[*1]Gregory Klein, etc., appellant,
v
Edwin Wiley, etc., respondents.

Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for appellant.
Law Offices of Michael P. Pasquale, LLC, New York, NY, for respondents.

DECISION & ORDER
In a shareholder's derivative action, inter alia, to recover damages for waste of corporate assets and breach of fiduciary duty, the plaintiff/counterclaim defendant appeals from a judgment of the Supreme Court, Orange County (Craig Stephen Brown, J.), entered September 27, 2023. The judgment, upon an order of the same court dated December 9, 2021, granting the defendants/counterclaim plaintiffs' motion for summary judgment dismissing the complaint, upon an order of the same court dated August 4, 2023, granting the unopposed motion of the defendant/counterclaim plaintiff Edwin Wiley for summary judgment on the first and second counterclaims, and upon so much of an order of the same court dated September 22, 2023, as granted that branch of the defendants/counterclaim plaintiffs' motion which was for an award of attorneys' fees, is in favor of the defendant/counterclaim plaintiff Edwin Wiley and against the plaintiff in the principal sum of $50,000, plus attorneys' fees in the sum of $107,685.
ORDERED that the appeal from so much of the judgment as brings up for review the order dated August 4, 2023, granting the unopposed motion of the defendant/counterclaim plaintiff Edwin Wiley for summary judgment on the first and second counterclaims is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant/counterclaim plaintiff Edwin Wiley.
The plaintiff commenced this shareholder's derivative action, inter alia, to recover damages for waste of corporate assets and breach of fiduciary duty. In an amended answer, the defendants, Edwin Wiley, individually and as a shareholder of Galloway Dental, P.C., and Salley Wiley, among other things, asserted counterclaims. The defendants moved for summary judgment dismissing the complaint. In an order dated December 9, 2021, the Supreme Court granted the motion. Thereafter, Edwin moved for summary judgment on the first and second counterclaims. The plaintiff did not oppose the motion, and in an order dated August 4, 2023, the court granted Edwin's unopposed motion.
Subsequently, the defendants moved, inter alia, for an award of attorneys' fees. The plaintiff opposed the motion, alleging that the amount of attorneys' fees requested was unreasonable. In an order dated September 22, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion which was for an award of attorneys' fees in the sum of $107,685, the amount requested by the defendants. Thereafter, on September 27, 2023, a judgment was entered in favor of Edwin and against the plaintiff in the principal sum of $50,000, plus attorneys' fees in the sum of $107,685. The plaintiff appeals from the judgment.
The order dated August 4, 2023, granting Edwin's motion for summary judgment on the first and second counterclaims was, in effect, entered upon the plaintiff's default, and the plaintiff did not move to vacate his default (see Fei Wu Hu v Lei, 232 AD3d 852, 853; Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1756, 1758). Since pursuant to CPLR 5511 no appeal lies from an order or judgment entered upon the default of the appealing party, the plaintiff is not entitled to review of the order dated August 4, 2023. Thus, the appeal from so much of the judgment as brings up for review the order dated August 4, 2023, must be dismissed (see Fei Wu Hu v Lei, 232 AD3d at 853; Vassiliou-Sideris v Nautilus, Inc., 186 AD3d at 1758).
Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Business Corporation Law § 623(k) states: "The enforcement by a shareholder of his [or her] right to receive payment for his [or her] shares in the manner provided herein shall exclude the enforcement by such shareholder of any other right to which he [or she] might otherwise be entitled by virtue of share ownership, . . . except that this section shall not exclude the right of such shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him [or her]." Here, because the plaintiff is asserting only derivative claims and Business Corporation Law § 623(k) precludes such claims from being asserted, the court properly granted the defendants' motion for summary judgment dismissing the complaint (see Kingston v Breslin, 56 AD3d 430, 432).
"The amount to be awarded as a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Gertler v Davidoff Hutcher & Citron, LLP, 233 AD3d 846, 847 [internal quotation marks omitted]). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (id. at 847-848 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in awarding attorneys' fees in the sum of $107,685. Contrary to the plaintiff's contention, the evidence submitted by the defendants was sufficient to establish the reasonableness of the requested fees (see Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights, 176 AD3d 930, 933).
The plaintiff's remaining contention is unpreserved for appellate review.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court